## FRANÇOIS JURE *v.* N. BALLATIN.

Sheriff sequestered live stock. The question being what allowance he should receive for keeping them. *Held:* The stock was kept in a pasture, and if any feed was given, there is nothing to shew the quantity and cost of it; besides this, it is shown that at the time of the sequestration the cows gave the defendant from forty to forty-five gallons of milk per day, for which sheriff does not account. His claim was therefore reduced.

APPEAL from the District Court, Second District, Parish of St. Bernard, *Rousseau, J. Collins,* for plaintiff and appellant. *Janin & Taylor,* for defendant.

ROST, J. This is a rule taken by the plaintiff upon the sheriff to show cause why he should not pay over the balance of the money made upon the execution in this case and remaining in his hands.

The sheriff claims, and the District Court allowed him, the amount of that balance, say $341, for keeping the live stock sequestered in the suit during thirteen days and for the taxed costs to which he is entitled.

The plaintiff has appealed from the order discharging the rule.

We have perused the record with great care without discovering evidence upon which the judgment can be sustained. The stock was kept in a pasture, and if any feed was given, there is nothing to show the quantity and cost of it; besides this, it is shown that at the time of the sequestration, the cows gave the defendant from forty to forty-five gallons of milk per day, for which the sheriff does not account.

We are of opinion that $200 will be an ample compensation for the risk and expenses incurred by the sheriff and the legal fees to which he is entitled.

It is ordered that the judgment be reversed and the rule reinstated, that the sheriff be allowed $200 for his fees and compensation in the suit, and that he pay over to the plaintiff the sum of $140 now in his hands.

It is further ordered, that the defendant in the rule pay costs in both Courts.